UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN C. ROMANO,

    Debtor.

Chapter 13
Case No. 12-57384-PJS
Hon. Phillip Shefferly

**CREDITOR DENISE RUSSELL, f/k/a DENISE ROMANO'S**
**OBJECTIONS TO DEBTOR'S REVISD CHAPTER 13 PLAN**

Creditor Denise Russell, f/k/a Denise Romano ("Creditor") objects to Debtor's Amended Chapter 13 Plan as follows:

1. Creditor adopts and incorporates by reference the Trustee's previously filed objections to the Chapter 13 Plan in the present case.

2. Creditor objects to the Chapter 13 Plan as having been filed in bad faith. The following points act as facts in support of that objection and/or as stand-alone objections to the Plan:

    A. Debtor has only filed the present Chapter 13 case to try to avoid having to pay money that he misappropriated from Creditor, his former wife. Prior to June 2006, Debtor and Creditor were married and owned a home. In June 2006, the home was sold and the funds $274,900 were deposited in an account in both Debtor's and Creditor's names. On June 10, 2009 however, Debtor got angry with Creditor and moved all of the funds to a bank account (CD) with only his name on it. (See Exhibit 1). On December 15, 2010, he transferred $264,945 of the funds in that account to an account in his and his sister's name, Carla Romano, in Florida. (See Exhibit 2). Then, on June 23, 2011, Debtor withdrew $85,287.40 from that account and placed it in his Bank of America checking account. (See Exhibit 3). On July 27, 2011, Debtor made a cashier's check payable to Carla Romano, his sister, in the amount of $80,000. (See Exhibit 4). Debtor received nothing of value in exchange for that $80,000 check.

    The balance left in the account (in both Dean Romano's and Carla Romano's names) ($129,810.98) was transferred by cashiers check into Carla's sole account in a different credit union. (See Exhibit 5). Again Debtor received nothing of value in exchange for the transfer. From there, Debtor testified under oath that "Carla" spent the money (on things like a condominium that Debtor has (at least

partial) ownership in and a brand new 2012 Chevrolet Camaro that is titled in Debtor's name and that Debtor drives). Despite those facts and the fact that Creditor is essentially the only creditor to speak of on Debtor's schedules, Debtor filed the present Chapter 13 case. Clearly, the transfers to Carla (totaling well over $200,000) were fraudulent and done in an effort to hide and/or dissipate assets that belong to Creditor and/or that should be available to creditors in the present bankruptcy. Such actions profoundly impact the best interests of creditors test under 11 U.S.C. §1325(a)(4). Moreover, Debtor's petition, schedules, and related documents make no mention of the transfers.

B. Debtor claims to have only partial ownership of a condominium. He claims that his sister owns the other partial interest. However, given that all of the money for the condominium came from Debtor (either directly or from funds that Carla accessed from the account that contained Debtor's funds), the entire value of the condominium should be available and used in the Chapter 13 Plan and liquidation analysis.

C. Debtor claims that he receives $1,345 regularly from his parents. He has submitted an Affidavit from both of them attesting to that fact. However, Creditor objects in that Debtor testified under oath at the 341 meeting that he gets the money from only his mother. Creditor also objects in that Debtor has offered no further proof (in the form of bank statements or the like) to substantiate the "income" from his parents (mother). Creditor also objects in that Debtor, prior to bankruptcy, completed an Affidavit of Assets and Liabilities at a creditor's examination in conjunction with State Court proceedings. A copy of the affidavit is attached as Exhibit 6 and makes no mention whatsoever of any income from his parents. In fact, under Sections 2 (wages), 3(S) (other streams of income) and 6 (non-wage/commission income) Debtor states "none." The Court should deny the Chapter 13 Plan on that basis alone.

D. In further support of the Trustee's objection regarding the value of Debtor's brand new 2012 Chevrolet Camaro, Debtor stated that the value of the car was $25,000 +/- in the Affidavit referred to in the immediately preceding point/objection.

E. Creditor also objects that Debtor has offered no proof of any income from his newly found "employment." Moreover, Debtor testified at the 341 hearing that the employment is temporary. Those facts, together with Debtor's (at best) patchy employment history and the problems associated with the income that Debtor

allegedly receives from his parents raises serious doubt about Debtor's ability to support the Chapter 13 Plan.

F. As noted, Creditor is the only real creditor of significance in the present case. Indeed, there are only 4 total creditors on Debtor's schedules. And the three creditors other than Debtor are each owed less than $2,500. (Bank of America is only $30, Clinton Township is owed $681.97, and attorney Joe Daiek is owed $2,200). As a result, for "good faith" purposes, it is important to examine the type of debt at issue and whether it would be dischargeable under Chapter 7. And, of course, such an examination would weigh **heavily** against Debtor and his proposed Chapter 13 Plan. Indeed, of the $153,730 in unsecured debt, Creditor is owed $151,500 (plus interest). **And all of that amount** would be non-dischargeable under Chapter 7 because it is all due to Creditor under the terms of a Judgment of Divorce. 11 U.S.C. sec. 523(a)(15). As a result, it is more than obvious that Debtor has filed the present bankruptcy petition under Chapter 13 solely to avoid the clear and unavoidable exception to discharge (under Chapter 7) of almost all of his debt. Creditor submits that such maneuvering demonstrates a highly objectionable act taken in complete bad faith.

G. Debtor has failed to list a supplemental judgment in Creditor's favor in the amount of $10,513.83, plus interest. (See Exhibit 7).

WHEREFORE, Creditor request that the Court deny confirmation of Debtor's Proposed Amended Chapter 13 Plan and requests that the bankruptcy case be converted to a Chapter 7 proceeding.

/S/ Bryan Marcus

Bryan Marcus (Michigan Bar No. P47125)
29488 Woodward Ave.
Suite 451
Royal Oak, MI 48073
(248) 320-1071
Bmarcus.x@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN C. ROMANO,

Debtor.

Chapter 13
Case No. 12-57384-PJS
Hon. Phillip Shefferly

**CERTIFICATE OF SERVICE**
**CREDITOR DENISE RUSSELL, f/k/a DENISE ROMANO'S**
**OBJECTIONS TO DEBTOR'S AMENDED CHAPTER 13 PLAN**

The undersigned states that on September 27, 2012, he served a copy of the above-identified document on counsel of record by filing the document with the Court's electronic filing/service system. He also served the document on September 27, 2012 on Debtor via U.S. Mail.

/S/ Bryan Marcus
_____
Bryan Marcus (Michigan Bar No. P47125)
29488 Woodward Ave.
Suite 451
Royal Oak, MI 48073
(248) 320-1071
Bmarcus.x@gmail.com